IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JENNIFER VENABLE, )
)
        Plaintiff, )
)
v. ) Case No. CIV-15-0814-C
)
PANTHER CREEK RANCH, LLC, )
BIG IRON OILFIELD SERVICES, INC., )
JOHN FERRIS, and JAKE FERRIS, )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

According to Plaintiff, she was promised "long term employment" for a specified salary. Plaintiff states she moved from California to Oklahoma on the basis of this promise. After beginning her employment, Plaintiff asserts she was not paid the amount agreed upon. Plaintiff voiced her complaints to Defendants. According to the allegations in Plaintiff's Complaint, eventually the relationship between Plaintiff and Defendants failed and she was terminated from her employment. Plaintiff filed the present action asserting a number of claims arising from her employment and subsequent termination. Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff has failed to state a claim for relief.

Defendants' request for dismissal requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89,

93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007). Applying these standards, the Court will consider Defendants' challenges to Plaintiff's claims.

**1. FLSA**

Plaintiff asserts Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by "failing to pay the Plaintiff the wages due for services provided . . . ." Dkt. No. 1. ¶ 37. Defendants argue Plaintiff cannot state a claim under this law because her allegations assert only that she was to be paid an agreed-upon salary and that she was paid less than that amount. Defendants assert Plaintiff has failed to argue that she was paid less than the minimum wage or that she worked hours for which she should have been paid overtime but was not. Defendants argue these are the only two possible claims under the FLSA.

In response, Plaintiff argues that because of Defendants' actions it is unclear whether she was an exempt or non-exempt employee. Plaintiff argues that if she is non-exempt her allegations are sufficient to support a claim for unpaid overtime or a failure to pay minimum wage. In the event she was an exempt employee her claim for failure to pay wages due states a claim pursuant to 29 C.F.R. § 541.602.

2

Despite Plaintiff's argument to the contrary, her Complaint does not adequately plead a claim for relief in the event she was a non-exempt employee. The Supreme Court has set the standard of proof required for proving a failure-to-pay-overtime claim as follows: "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (superseded in part by 29 U.S.C. § 251 et seq.); see also Albanil v. Coast 2 Coast, Inc., 444 F. App'x 788 (5th Cir. 2011) (applying same standard to claim for failure to pay minimum wage). The allegations in Plaintiff's Complaint, if proven, would not satisfy this standard. Plaintiff offers no factual allegation of the hours worked and the compensation paid. Rather, she offers only a conclusory allegation that Defendants acted wrongfully. Plaintiff's action is insufficient to survive a Motion to Dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

Plaintiff's reliance in her Response on § 541.602 of the CFR to salvage her claim is likewise unavailing. That regulation does not create the cause of action alleged by Plaintiff. It does not, as Plaintiff suggests, require a defendant to pay a contract-based wage amount. Rather, the regulation governs the permissible deductions from an exempt employee's wages. If Defendants made improper deductions from Plaintiff's salary, as outlined in the regulation, that fact would impact Plaintiff's status as an exempt employee. Again, without additional nonconlusory allegations, Plaintiff's claim must fail.

For these reasons, Defendants' Motion to Dismiss Plaintiff's claim for violation of the FLSA will be granted.

**2. Retaliatory Discharge**

Defendants also challenge Plaintiff's claim for retaliatory discharge under the FLSA arguing the governing statute, 29 U.S.C. § 215(a)(3), creates a claim only if the retaliation arises from complaints by an employee related to the FLSA. According to Defendants, because Plaintiff has not stated a valid FLSA violation, she cannot state a retaliatory discharge claim under the FLSA.

> The Tenth Circuit has set forth the element for a prima facie case of FSLA retaliation: a plaintiff must show that: (1) he or she engaged in activity protected by the FLSA; (2) he or she suffered adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection existed between the employee's activity and the employer's adverse action.

Conner v. Schnuck Mkts., Inc., 121 F.3d 1390, 1394 (10th Cir. 1997). As noted above, Plaintiff has failed to state a claim for an FLSA violation. Thus, she cannot meet the first element of a retaliation claim. Plaintiff's retaliatory discharge claim under the FLSA will be dismissed.

**3. Public Policy**

According to Defendants, Plaintiff cannot bring a public policy wrongful termination claim because she was not an at-will employee. Defendants note that Plaintiff alleges she had a contract for employment and thus was not an at-will employee. In response, Plaintiff

4

argues that an at-will employment is viewed and considered to be in the nature of a contractual relationship and the existence of a contract is not fatal to her claim.

Defendants' argument ignores the allegations in Plaintiff's Complaint. Certainly, Plaintiff pleads that she had an agreement with Defendants for employment. However, neither party has specified the terms of that agreement, including whether or not it was for a definite term. The general rule in Oklahoma is that an employment contract of indefinite duration is terminable at will, without cause, by either party without incurring liability for breach of contract. Miner v. Mid-America Door Co., 2003 OK CIV APP 32, ¶ 32, 68 P.3d 212, 221, citing Burk v. K-Mart Corp., 1989 OK 22, ¶ 5, 770 P.2d 24, 26. Thus, even if Plaintiff was operating under a contract of employment, she may still be determined to have been an at-will employee and may still state a claim for a Burk-based tort.

Alternatively, Defendants argue that Plaintiff has failed to identify the public policy or policies which give rise to her claim. In response Plaintiff argues her termination violated the Oklahoma Protection of Labor Act which requires employers to pay employees properly and timely all wages due and owed, citing 40 Okla. Stat. §§ 160, 165.2, 165.3, and 165.8. Alternatively, Plaintiff notes she has alleged her complaints about Defendants' violations of the Oklahoma liquor licensing statutes led to her termination.

The public policy exception to Oklahoma's terminable at-will employment doctrine is commonly referred to as a Burk tort. The doctrine was recognized in Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24. The Oklahoma Supreme Court has recognized the parameters of the doctrine.

>Burk adopted the public policy exception to the terminable-at-will employment doctrine for "a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." 1989 OK 22 at ¶ 17, 770 P.2d at 28. Burk created a tort remedy limited to those situations "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." 1989 OK 22 at ¶ 19, 770 P.2d at 29. Burk cautioned that the public policy exception must be strictly applied: "In light of the vague meaning of the term public policy we believe the public policy exception must be tightly circumscribed." 1989 OK 22 at ¶ 18, 770 P.2d at 28-29.

Reynolds v. Advance Alarms, Inc., 2009 OK 97, ¶6, 232 P.3d 907, 909, as corrected (Dec. 16, 2009). To assert a viable Burk tort claim Plaintiff must allege:

> (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal.

Vasek v. Bd. of Cnty. Comm'rs of Noble Cnty., 2008 OK 35, ¶ 14, 186 P.3d 928, 932.

First, the Court notes that for the reasons noted above regarding Plaintiff's FLSA claims, she has failed to offer anything other than conclusory allegations in support of her Burk tort claim. Second, her Response brief fails to offer any authority for determining that the statutes on which she relies set forth the required tightly circumscribed, clear and compelling public policy to give rise to a claim. Indeed, Plaintiff has failed to allege any facts or law demonstrating that Oklahoma has ever recognized any portion of the Oklahoma Protection of Labor Act as establishing a public policy which would give rise to a claim for relief under the Burk doctrine. To the contrary, as Plaintiff notes in her Response, there are

numerous instances where Oklahoma courts or courts relying on Oklahoma law have refused to find other provisions of the Oklahoma Protection of Labor Act would create the requisite public policy. She offers no argument to suggest that a different conclusion would arise under her specific claims. The same is true of her reliance on the liquor licensing laws.

In order to state a <u>Burk</u> tort, the Plaintiff must articulate a constitutional, statutory, or decisional law basis for the Oklahoma public policy prohibiting discharge. <u>See</u> <u>Darrow v. Integris Health, Inc.</u>, 2008 OK 1, ¶ 9, 176 P.3d 1204, 1210. Whether or not Plaintiff has implicated a sufficiently discernable public policy presents a question of law to be resolved by the trial court. <u>Vasek</u>, 2008 OK 35, ¶ 20, 186 P.3d at 933. Plaintiff has failed these two requirements. Accordingly, the Court finds that Plaintiff has failed to state a wrongful termination <u>Burk</u> tort claim.

**4. Breach of Contract**

Defendants argue that Plaintiff cannot state a claim for breach of employment contract, as she has failed to set out the terms and conditions of that contract. Defendants assert that as a result it is not clear whether or not Plaintiff's term of employment was for a length greater than a year. Thus, Defendants argue, any contract may violate the statute of frauds. In response, Plaintiff argues that because she performed under the contract, the statute of frauds has no applicability. Defendants do not refute this argument in their Reply, but argue Plaintiff's claim is still impermissibly vague.

After consideration of the allegations in Plaintiff's Complaint, the Court finds Defendants' arguments without support. While Plaintiff's Complaint could have been

7

clearer, she has set forth sufficient grounds which apprise Defendants of the nature of her claim and pled facts which nudge her claim of breach of contract across the line from conceivable to plausible. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). Defendants' Motion will be denied on this issue.

**5. Promissory Estoppel**

Defendants argue that Plaintiff's claim for promissory estoppel must fail as the alleged promise of long-term employment is vague and ambiguous. According to Defendants, this promise, even if made, is vague as it does not specify what "long-term" means. Defendants also argue that Plaintiff has failed to specify other aspects of the employmnet relationship such as job duties, or the terms and conditions under which she could be dismissed or quit.

To make a claim for promissory estoppel, Plaintiff must establish: "(1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement." Russell v. Bd. of Cnty. Comm'rs, Carter Cnty., 1997 OK 80, ¶ 27, 952 P.2d 492, 503. Plaintiff's Complaint provides allegations which, if proven, are sufficient to meet these elements. Defendants' argument may eventually be sufficient to defeat Plaintiff's claim, but they are not grounds for dismissal. Defendants' Motion will be denied on this issue.

**6. Fraud**

Defendants argue that Plaintiff cannot prove her fraud in the inducement claim. According to Defendants, because the allegedly fraudulent statements were made after her

employment began, she could not have been fraudulently induced into beginning employment. However, as Plaintiff asserts in her Response, her fraud claim is much broader than argued by Defendants. Plaintiff does not bring a fraud in the inducement claim but a fraud claim.

Under Oklahoma law, the elements of actionable fraud are (1) a false misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied upon by the other party to her own detriment. Silver v. Slusher, 1988 OK 53, ¶ 6, n.8, 770 P.2d 878, 881 n.8. As Plaintiff notes, ¶ 17 of her Complaint states, in relation to the promises made by Defendants, that "[a]t the time Defendants made such promises to Plaintiff, they knew, or should have known, that such promises were false or that such promises were not possible and/or not likely to be fulfilled." (Compl, Dkt. No. 1, p. 4.) If Plaintiff were to prove these facts, she would have established a valid claim for fraud. Defendants' Motion will be denied on this issue.

**7. Intentional Interference**

Defendants argue that Plaintiff cannot prevail on her claim against Jake Ferris for interference with contractual relationship because she has not alleged that Jake Ferris did anything maliciously or wrongfully or that he was not justified or privileged to make employment decisions. In addition, Defendants note that Plaintiff alleges that Jake Ferris acted on behalf of Plaintiff's employer in firing her. Indeed, the allegations of Plaintiff's Complaint would seem to foreclose a claim for tortious interference with contract. Paragraph

9

31 of the Complaint sets forth that Jake Ferris had input in the decision or had made the decision to terminate Plaintiff. Paragraph 32 asserts that Jake Ferris was acting on behalf of Big Iron Oilfield Service, which Plaintiff had identified as her employer. As Defendants note, one who is acting in a representative capacity for a party to a contract cannot be held liable for wrongfully interfering with that contract. Voiles v. Santa Fe Minerals, Inc., 1996 OK 13, ¶ 18, 911 P.2d 1205, 1210. As currently pled, Plaintiff simply cannot state a claim for interference with a contractual relationship. Plaintiff's claim for interference with contractual relationship will be dismissed.

## 8. Intentional Infliction of Emotional Distress

Defendants argue Plaintiff's claim for intentional infliction of emotional distress must fail. According to Defendants, even accepting the allegations of Plaintiff's Complaint as true, the wrongs alleged there do not rise to the standard necessary to support the claim.

After consideration of the allegations in Plaintiff's Complaint, the Court finds that Plaintiff has failed to offer any evidence of outrageous conduct. While many of Defendants' actions may have been in poor taste, or even distasteful or boorish, it simply was not so extreme and outrageous as to go beyond all possible bounds of decency. See Eddy v. Brown, 1986 OK 3, ¶ 7, 715 P.2d 74, 77:

> Conduct which, though unreasonable, is neither "beyond all possible bounds of decency" in the setting in which it occurred, nor is one that can be "regarded as utterly intolerable in a civilized community," falls short of having actionable quality. Hurt feelings do not make a cause of action under the tort-of-outrage rubric.

Therefore, Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

## **CONCLUSION**

As set forth more fully herein, Defendants' Motion to Dismiss (Dkt. No. 7) is GRANTED in part and DENIED in part. Plaintiff's claims for violation of the Fair Labor Standards Act, retaliatory discharge claim under the FLSA, wrongful termination <u>Burk</u> tort claim, interference with contractual relationship claim, and intentional infliction of emotional distress claim are DISMISSED without prejudice.

IT IS SO ORDERED this 9th day of November, 2015.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge